## LIABILITY OF CARRIER FOR APPLES FROZEN IN TRANSIT.

Common Pleas Court of Hamilton County.

JOSEPH W. LONG v. THE LOUISVILLE AND CINCINNATI PACKET
COMPANY.

Decided, April, 1908.

*Carriers—Negligence of, with Reference to Care of Shipment—Carrier
a Practical Insurer of Freight Notwithstanding Protection given
under Bill of Lading—Notice to Consignee of Arrival—Knowledge
of Carrier as to Weather Conditions—Reasonable Time for Re-
moval of Goods by Consignee.*

Where a shipment of apples is unloaded from a packet upon a wharf-
boat in the early evening, and during the night the apples are
frozen, the carrier is liable to the consignee for the damages thus
sustained.

*Charles Broadwell,* for plaintiff.
*Stephens, Lincoln & Stephens,* contra.

WOODMANSEE, J.

In this suit plaintiff claimed from the defendant company
the sum of $230 as damages to 102 barrels of apples that were
carried by the defendant company for the plaintiff from the
city of Louisville on or about the 12th day of December, 1904,
said damages claimed resulting from the negligence and care-
lessness of said company relative to said shipment. The defend-
ant filed in effect a general denial. The cause came up for hear-
ing before a jury and the verdict of the jury was for the de-
fendant. The matter is now up for disposition upon a motion
for a new trial.

This shipment of apples was originally placed on an open
barge down the Ohio river, at New Amsterdam, some distance
below Louisville, and after arrival at Louisville were trans-
ferred to the packet of the defendant company. They were
frozen some time after their delivery to the barge at New Amster-
dam and before they were delivered to the consignee in Cincin-
nati.

An effort was made by the defense to show that the apples were frozen before they were transferred to the defendant company. It was shown that the apples were upon an open barge, covered only with a tarpaulin and that the weather was cold enough for snow, which fell upon the barge, and possibly some ice was formed, and there is no other explanation of the verdict of the jury in the case than that they found that the apples were frozen before they reached Louisville. The jury were instructed by the court that if they found the apples to have been frozen before they reached Louisville the plaintiff could not recover.

The evidence discloses that other apples were shipped at the same time and delivered to consignees in Louisville and were sold upon the open market and no complaint was made with reference to them; and that there was no time at which the temperature was low enough to freeze apples of the character of those in this shipment before they reached Louisville. In addition to this, the testimony of the plaintiff was that after these apples arrived at Cincinnati on the evening of December 13, he examined a number of the barrels between 11 and 12 o'clock at night and found them in good condition, but on the following morning about 8 o'clock when he called for the apples they were all frozen and almost worthless.

This statement seems plausible in view of the fact that the temperature during that night was far below the freezing point (eight degrees above zero) and that the only protection that the apples had was by having placed over them a tarpaulin, and that the temperature inside of the wharfboat in which they were stored was about the same as that on the outside.

It is claimed by the defendant that it did all that it usually did under like circumstances. But this does not answer the requirements of the law. Conceding that the defendant company is entitled to all of the protection given to it under an ordinary bill of lading, it is still practically an insurer of freight that it receives for transportation, not being liable for any natural decay of the articles carried, but it is liable for all damages that do not result "from the act of God or a public enemy."

Long v. L. & C. Packet Co.    [Vol. VII, N. S.

A consignee is entitled to reasonable notice of the arrival of freight (52 O. S., 408). It can not be said that the consignee in this case was negligent, for he called for his freight early on the morning following its receipt. The sudden change in the weather was such as to bring to the attention of the company the fact that special care was required to protect the property, and our courts hold that any necessary expense incurred by a carrier in the preservation of goods from extraordinary peril not properly belonging to the carrier can be recovered by it from the consignee. In other words, if something was required to protect this property that was beyond the usual care required of a carrier the consignee would be required to reimburse the carrier for any expense in that behalf.

A fair question to ask is, could that freight have been saved from being destroyed as it was destroyed? If it could have been thus saved by reasonable care it was the duty of the transportation company, who had possession and control of it, to properly protect it either by covering it sufficiently to keep it from freezing or by placing it at its own expense or at the expense of the consignee in some place of safety.

There is no question in the mind of the court that the apples were frozen and practically destroyed while they were in the possession of the defendant company, and it is not a harsh rule which requires that they care for such property while in their possession.

When the apples were received at the wharfboat on the evening of December 13, the defendants were advised of the condition of the weather; they were fully advised of the equipment which they had to protect the property and they knew or ought to have known that the results would be just what came to pass.

Shall it be said that the consignee must bear the loss in a case of this character? If so, it would heap upon him a hardship which he could in no way avoid, and release the transportation company from a duty which the law imposes upon it.

The motion is granted and new trial awarded.